## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**REUBEN BORNE**  **CIVIL ACTION**

**VERSUS**  **NO. 20-134-BAJ-RLB**

**ANCO INSULATIONS, INC., ET AL.**

## **NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 18, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**REUBEN BORNE**                                                            **CIVIL ACTION**

**VERSUS**                                                                        **NO. 20-134-BAJ-RLB**

**ANCO INSULATIONS, INC., ET AL.**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 17). The motion is opposed by the Avondale Defendants. (R. Docs. 29). The Avondale Defendants submitted a Notice of Additional Authority. (R. Doc. 33).

**I.    Background**

On or about October 2, 2019, Reuben Borne ("Plaintiff") brought this action in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, alleging that he contracted lung cancer, in part, as a result of direct exposure to asbestos while employed by Avondale Shipyards, Inc. from 1969 to 1978. (R. Doc. 1-2, "Petition"). In relevant part, Plaintiff alleges negligence claims against Huntington Ingalls Incorporated (f/k/a Northrop Grumman Shipbuilding, Inc., f/k/a Northrop Grumman Ship Systems, Inc., f/k/a Avondale Industries, Inc., and f/k/a Avondale Shipyards, Inc.) ("Avondale") and Lamorak Insurance Company ("Lamorak")[1] (hereafter "the Avondale Defendants"), specifically stating that he was not bringing strict liability claims against those defendants. (Petition ¶¶ 2, 24-29).

On January 23, 2020, Plaintiff testified at his deposition that he worked at Avondale as a pipefitter's helper and on Destroyer Escorts being constructed at Avondale for the United States

---

[1] Lamorak was sued as the alleged insurer of various alleged executive officers of Avondale. (Petition ¶ 2).

Navy and was exposed to asbestos dust from working directly with asbestos-containing materials and being around other crafts using asbestos-containing products. (R. Doc. 1-3).

On March 10, 2020, the Avondale Defendants removed this action, asserting that the Court has subject matter jurisdiction based on the federal officer removal statute, 28 U.S.C. § 1442(a). (R. Doc. 1). In support of removal, the Avondale Defendants state that on February 24, 2020, the Fifth Circuit decision *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286 (5th Cir. Feb. 24, 2020) overruled various decisions requiring a "causal nexus" test and held that negligence claims under Section 1442(a) are now removable. (R. Doc. 1 at 4). The Avondale Defendants assert that the Notice of Removal was timely filed under 28 U.S.C. § 1446(b)(3) because removal was within 30 days of the receipt of the *Latiolais* decision, which was the first "other paper" received by the Avondale Defendants making Plaintiff's negligence suit removable to federal court. (R. Doc. 1 at 4). The Avondale Defendants also cite *Green v. R.J. Reynolds Tobacco Co.*, 274 F.3d 263, 1266-68 (5th Cir. 2001) in support of the timeliness of removal. (R. Doc. 1 at 4).

On April 10, 2020, Plaintiff filed the instant Motion to Remand, arguing that the removal was untimely under 28 U.S.C. § 1446(b)(3). (R. Doc. 17).

## II.    Arguments of the Parties

In support of remand, Plaintiff first argues that the removal was untimely because it was not within thirty days of the Avondale Defendants' receipt of Plaintiff's deposition transcript on February 6, 2020, which made it "unequivocally clear and certain" that the action was removable because the testimony provided that Plaintiff was exposed to asbestos in connection with work on the federal vessels. (R. Doc. 17-1 at 6-10). Plaintiff further argues that the *Green* decision, which affirmed the re-removal of an action following an intervening order addressing a pertinent

legal issue in a different action, is inapplicable to allow removal because the *Latiolais* decision did not change the law. (R. Doc. 17-1 at 10-13). Plaintiff further argues that the *Latiolais* decision does not constitute an "other paper" under 28 U.S.C. § 1446(b)(3) as asserted in the Notice of Removal, and the *Green* decision is inapplicable or distinguishable. (R. Doc. 17-1 at 14-19).

In opposition, the Avondale Defendants first argue that Plaintiff has waived all procedural objections to the removal by filing his Motion to Remand more than 30 days after the filing of the Notice of Removal. (R. Doc. 29 at 15-16). The Avondale Defendants next argue that the *Latiolais* decision changed the law to provide that removal is allowed under the federal officer removal statute where the plaintiff only asserts negligence claims. (R. Doc. 29 at 16-19). The Avondale Defendants further argue that Plaintiff's deposition transcript was not an "other paper" under Section 1446(b)(3), the *Latiolais* decision was an "order or other paper" under Section 1446(b)(3), and removal was otherwise proper even if the *Latiolais* decision was not an "order or other paper" under Section 1446(b)(3). (R. Doc. 29 at 19-26). Finally, the Avondale Defendants argue that removal was substantively proper under the federal officer removal statute. (R. Doc. 29 at 26-34).

In a supplemental filing, the Avondale Defendants submitted a list of various decisions from the Eastern District of Louisiana denying motions to remand under similar circumstances. (R. Doc. 33).

### III.    Law and Analysis

#### A.    The Federal Officer Removal Statute

The federal officer removal statute provides for the removal of a civil action against "[t]he United States or any agency thereof or any officer (or any person acting under that officer)

of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office. . . ." 28 U.S.C. § 1442(a)(1). The purpose of this removal statute is to protect the lawful activities of the federal government from undue state interference. *See Mesa v. California*, 489 U.S. 121, 126 (1989). Section 1442(a) serves to overcome the "well-pleaded complaint" rule that would otherwise preclude removal even if a federal defense is asserted. *See id*. at 136. Unlike the general removal provision, which is strictly construed in favor of remand, the federal officer removal statute is liberally construed in favor of removal. *Watson v. Philip Morris Cos. Inc.*, 551 U.S. 142, 147-48 (2007); *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

To remove an action under Section 1442(a), a defendant must show: "(1) it has asserted a colorable federal defense, (2) it is a 'person' within the meaning of the statute, (3) that has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions." *Latiolais v. Huntington Ingalls, Inc.*, 951 F.3d 286, 296 (5th Cir. 2020).[2] Plaintiff does not contest that removal was proper under the federal officer removal statute. Instead, Plaintiff argues that the Avondale Defendants did not timely remove the action within 30 days of their receipt of Plaintiff's deposition transcript.

Nevertheless, the Court has reviewed the Avondale Defendants' arguments in support of a finding that removal was proper under the federal officer removal statute. (R. Doc. 29 at 26-34). Given that the right to removal under the federal officer removal statute is liberally construed, and the lack of any arguments by Plaintiff, the Court finds no basis for remanding the action for failing to meet the requirements for removal under 28 U.S.C. § 1442(a)(1).

---

[2] As discussed further below, prior to *Latiolais*, a defendant seeking to remove a civil action under § 1442(a)(1) was required to establish a "causal nexus" exists between the defendant's actions under color of federal office and the plaintiff's claims. *Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 397-01 (5th Cir. 1998).

First, the Avondale Defendants raised three federal defenses: that plaintiffs' claims are pre-empted and barred by the Longshore Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*; that plaintiffs' claims are barred by government contractor immunity as established by *Boyle v. United Technologies Corp*, 487 U.S. 500 (1988); and that plaintiffs' claims against are barred by the derivative sovereign immunity as set forth in *Yearsley v. W.A. Ross Construction Co.*, 309 U.S. 18 (1940). (R. Doc. 1 at 8-9). "[A]n asserted federal defense is colorable unless it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or 'wholly insubstantial and frivolous.'" *Latiolais*, 951 F.3d at 297 (*quoting Zeringue v. Crane Co.*, 846 F.3d 785, 790 (5th Cir. 2017), *overruled by Latiolais*, 951 F.3d 286 (5th Cir. 2020)). Plaintiff does not dispute that the Avondale Defendants have met the "colorable federal defense" prong in asserting its federal defenses.

Second, there is no dispute that the Avondale Defendants are "persons" within the meaning of Section 1442(a). *See Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998) (corporations are "persons" for removal pursuant to Section 1442).

Third, the Avondale Defendants asserts that Avondale was constructing Destroyer Escorts pursuant to contracts with the United States Navy. (R. Doc. 1 at 3). The Supreme Court has made it clear that the words "acting under" are broad and are to be liberally construed, though their interpretation must be limited by the statute's "language, context, history, and purposes." *Watson*, 551 U.S. at 147. "A private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.'" *Id*. at 153. A private entity is acting under the direction of a federal officer where it "fulfilled the terms of a contractual agreement by providing the Government with a product that it used to help conduct a war" and arguably "performed a job

that, in the absence of a contract with a private firm, the Government itself would have had to perform." *Id*. at 153-54 (citing *Winters*, 149 F.3d 387). Plaintiff does not dispute that the Avondale Defendants have satisfied the "acting under a federal officer's instructions" prong.

Finally, the Avondale Defendants submit that Plaintiff's claims relate to Avondale's actions under color of federal office because the alleged negligence is connected to Avondale's "installation and use of asbestos materials while constructing federal vessels, and the use of those materials was required by the government." (R. Doc. 29 at 34). Given the lack of any arguments otherwise, the Court finds that the "related to" test adopted in *Latiolais* – and discussed in more detail below – is satisfied. *See Latiolais*, 951 F.3d at 296.

### B.    Timeliness of Removal

#### 1.    Waiver of Procedural Defect Arguments

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "A plaintiff waives his right to remand on the basis of procedural defects—like untimely removal—if he fails to file a motion to remand on that basis within thirty (30) days after notice of removal is given." *Tommaso v. State Farm Lloyds*, No. 15-00274, 2016 WL 6883042, at *1 (S.D. Tex. Sept. 28, 2016) (citing 28 U.S.C. § 1447(c); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir. 1992)).

Here, the Avondale Defendants filed the Notice of Removal on March 10, 2020. (R. Doc. 1). Plaintiff filed his Motion to Remand, which solely seeks remand on the basis of the procedural defect of untimely removal on April 10, 2020 (31 days after removal). (R. Doc. 17). Accordingly, denial of Plaintiff's Motion to Remand is proper because Plaintiff waived his right to seek remand on the basis of untimely removal under 28 U.S.C. § 1447(c).

### 2.     The Removal Was Timely

Even if Plaintiff had timely filed his Motion to Remand, denial of Plaintiff's Motion to Remand is nevertheless proper because the Avondale Defendants' removal of the action was timely under 28 U.S.C. § 1446(b)(3).  Generally, a defendant must file the notice of removal within 30 days of receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b)(1).  However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. §1446(b)(3).  The 30-day period under Section 1446(b)(3) is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain").

As discussed above, the federal officer removal statute authorizes removal of an action by any person acting under a United States agency or officer "for or relating to any act under color of such office[.]" 28 U.S.C. § 1442(a)(1).  Prior to *Latiolais*, the Fifth Circuit held that the foregoing "under color of office" requirement was satisfied only where the removing defendant demonstrated that it "acted pursuant to a federal officer's directions and that a causal nexus exists between the defendants' action under color of federal office and the plaintiff's claims." *Latiolais*, 951 F.3d at 291 (quoting *Winters*, 149 F.3d at 398) (internal quotation marks omitted). Given the foregoing "causal nexus" test, asbestos-related cases that involved only negligence claims could not be removed under the federal officer removal statute. *See IntegraNet Physician Res., Inc. v. Tex. Indep. Providers, L.L.C.*, 945 F.3d 232 (5th Cir. 2019); *Legendre v. Huntington*

*Ingalls, Inc.*, 885 F.3d 398 (5th Cir. 2018); *Zeringue v. Crane Co.*, 846 F.3d 785 (5th Cir. 2017); *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457 (5th Cir. 2016); *Bartel v. Alcoa Steamship Co.*, 805 F.3d 169 (5th Cir. 2015).

In *Latiolais*, the Fifth Circuit, *en banc*, overruled the foregoing decisions to the extent they relied on a "causal nexus" test after Congress amended Section 1442(a) in 2011 to permit the removable of a case "for or relating to" acts under color of federal office. *Latiolais*, 951 F.3d at 296; *see Schexnayder v. Huntington Ingalls Inc.*, No. 20-775, 2020 WL 3970159, at *1 (E.D. La. July 14, 2020) (*Latiolais* overturned the Fifth Circuit's prior "causal nexus" jurisprudence and adopted a broader "relating to" test). Given the foregoing, the Fifth Circuit held in *Latiolais* that the plaintiff's allegations that Avondale was negligent in failing to warn him of the dangers of asbestos and failing to take measures to prevent exposure with respect to the installation of asbestos during the refurbishment of a U.S. Navy vessel was related to an act under color of federal office and, accordingly, satisfied the requirements of Section 1442(a). *Latiolais*, 951 F.3d at 296.

This action, which asserts only negligence allegations against the Avondale Defendants, was not removable under the now overruled "causal nexus" jurisprudence controlling in the Fifth Circuit prior to the *Latiolais* decision. Given that the action was not removable based on the initial pleading, the issue becomes whether the *Latiolais* decision constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3). If so, then the Avondale Defendants had 30 days from its receipt of the *Latiolais* decision to remove the action.

Generally, a decision in an unrelated cases may not constitute an "order or other paper" under Section 1446(b)(3). The Fifth Circuit has held, however, that a decision in an unrelated

case may constitute an "order" upon which removal can be based where the same party was a defendant in both cases, the cases involve similar factual circumstances, and the decision resolved a legal issue that has the effect of making the case removable. *Green v. R.J. Reynolds Tobacco Co.* 274 F.3d 263, 268 (5th Cir. 2001). Here, the *Latiolais* decision falls within the *Green* exception: Avondale is a defendant in both cases; both cases involve negligence claims brought against Avondale by a former employee alleging he was exposed to asbestos while working for Avondale on Navy vessels; and the *Latiolais* decision resolved the legal question at issue – the removability of asbestos-related negligence claims under the federal officer removal statute.

Consistent with various other decisions in the Fifth Circuit, the Court concludes that in light of the *Green* exception, the *Latiolais* decision constitutes an "order" for the purposes of allowing removal under Section 1446(b)(3). *See Schexnayder v. Huntington Ingalls Inc.*, No. 20-775, 2020 WL 3970159, at *2 (E.D. La. July 14, 2020); *Martin, et al. v. Air Products and Chemical Inc., et al.*, No. 20-168, ECF. 42 (M.D. La. June 22, 2020), *report and recommendation adopted*, ECF No. 51 (M.D. La. July 7, 2020); *Jackson v. Avondale Industries, Inc.*, 20-1005, 2020 WL 3510724 (E.D. La. June 29, 2020); *Holmes v. Bossier*, No. 20-880, 2020 WL 3482121, at *4 (E.D. La. June 26, 2020); *Hulin v. Huntington Ingalls, Inc.*, No. 20-924, 2020 WL 3072187, at *2 (E.D. La. June 10, 2020); *Francis v. ITG Brands LLC, et al.*, No. 20-997, 2020 WL 2832538, at *3 (E.D. La. June 1, 2020); *Broussard v. Huntington Ingalls, Inc.*, No. 20-836, 2020 WL 2744583, at *3 (E.D. La. May 27, 2020); *Bourgeois v. Huntington Ingalls Inc.*, No. 20-1002, 2020 WL 2488026, at *4 (E.D. La. May 14, 2020).

In so concluding, the Court rejects Plaintiff's arguments that *Green* is inapplicable to the instant removal. Plaintiff first argues that removal was untimely because the Avondale

Defendants did not remove within 30 days of their receipt of Plaintiff's deposition transcript on February 6, 2020.  The problem with this argument is that the *Latiolais* decision – which overruled previous Firth Circuit decisions requiring the "causal nexus" test – was issued on February 24, 2020.  Accordingly, the action was not removable under prevailing Fifth Circuit jurisprudence when the Avondale Defendants received a copy of Plaintiff's deposition transcript.  In other words, receipt of Plaintiff's deposition transcript did not trigger the 30-day period for removal because the action was not removable under the federal officer removal statute until the *Latiolais* decision. *See Holmes*, 2020 WL 3482121, at *3 (E.D. La. June 26, 2020) ("[A]t the time defendants received the transcripts—pre-*Latiolais*—it was unequivocally clear and certain that this case was *not* removable. Had defendants removed the case at that time, it surely would have been remanded.") (citation omitted).

      As the Fifth Circuit itself observed, "the 'direct causal nexus' test became a talisman even after Congress, in 2011, amended section 1442(a), altering the requirement that a removable case be 'for' any act under color of federal office and permitting removability of a case 'for *or relating to*' such acts." *Latiolais*, 951 F.3d at 291 (5th Cir. 2020) (quoting 28 U.S.C. § 1442(a) (2012)) (emphasis added in *Latiolais*).  Thus courts continued to find that "the causal nexus element in [asbestos-exposure] cases is met when a plaintiff seeks to recover from a government contractor on a theory of strict liability but is absent when the theory of recovery is restricted to negligence." *Bourgeois*, 2020 WL 2488026, at *3 (quoting *Parfait v. Huntington Ingalls Inc.*, No.19-11958, 2019 WL 4297912, at *4 (E.D. La. Sept. 11, 2019)).  Indeed, the Fifth Circuit panel that first considered the *Latiolais* facts held that Avondale could not satisfy the causal nexus test. *Latiolais v. Huntington Ingalls, Inc.*, 918 F.3d 406, 410-11 (5th Cir.), *reh'g en banc granted*, 923 F.3d 427 (5th Cir. 2019), and *on reh'g en banc*, 951 F.3d 286 (5th Cir. 2020).

And as recently of January of this year, the Eastern District of Louisiana remanded an asbestos exposure case against Avondale, finding it had not met the causal nexus test, even though by that point the original panel decision in *Latiolais* had expressed "its misgivings about the current state of the law" and the decision was under *en banc* review. *Schexnayder v. Huntington Ingalls Inc.*, No. 19-11773, 2020 WL 114136, at *2 (E.D. La. Jan. 10, 2020). The *Latiolais* decision explicitly overruled those cases that continued to rely on the "causal nexus" test. *Latiolais*, 951 F.3d at 296. There is no other possible interpretation but that *Latiolais* changed the law.

The plaintiff in this action asserts only negligence claims against the Avondale Defendants, making clear that "[n]o allegation in this petition shall be interpreted as pleading a claim of strict liability concerning" the Avondale Defendants. (Petition ¶ 24). Accordingly, receipt of Plaintiff's deposition transcript on February 6, 2020, while alerting the Avondale Defendants that Plaintiff worked on Navy Destroyer Escorts, did not trigger the 30-day removal period because the "causal nexus" test precluded removal at that time. As the court in *Bourgeois* concluded under a nearly identical situation, "[h]ad Avondale removed the case at that time, it surely would have been remanded." 2020 WL 2488026, at *3. This case was not removable prior to the *Latiolais* decision announcing a federal officer removal test that Avondale could meet.[3]

Plaintiff also argues that *Green* is distinguishable. Plaintiff correctly points out that the defendants in *Green* had made a first, unsuccessful attempt to remove the case. Plaintiff argues that unlike in *Green*, there was no prior judicial determination that this particular case was not removable. However, Plaintiff fails to explain why a prior judicial determination of removability has any bearing on the exception recognized in *Green*. Moreover, requiring Avondale to remove

---

[3] The fact that Avondale continued to attempt to remove some cases (like *Latiolais*) but not others does not change this analysis.

every case that was not removable under the causal nexus test in the hope that the case might later become removable would be a waste of judicial resources and would amount to the kind of protective removal that Section 1446 discourages. *See Bourgeois* 2020 WL 2488026, at *4; *see Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 610 (5th Cir. 2018) (recognizing one of the goals of §1446 is to "reduce 'protective' removals by defendants" and "discourage removals before their factual basis can be proven by a preponderance of the evidence through a simple and short statement") (quoting *Bosky*, 288 F.3d at 211).

Finally, the Court rejects Plaintiff's argument that removal is improper because the Avondale Defendants referenced the *Latiolais* decision as an "other paper" rather than an "order" in the Notice of Removal. (*See* R. Doc. 1 at 4). Notwithstanding this improper terminology, the Notice of Removal clearly invokes the *Latiolais* decision as the triggering document under §1446(b)(3) and thereby meets the notice pleading requirements of Rule 8. *See Francis*, 2020 WL 2832538, at *3 n.2.

### IV.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 17) be **DENIED**.

Signed in Baton Rouge, Louisiana, on September 18, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**